1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    IN RE EX PARTE APPLICATION OF JUN         Case No.   5:23-mc-80230-EJD
     MATSUMOTO,

9                                              **ORDER GRANTING IN PART AND
              Plaintiff,                        DENYING IN PART EX PARTE
                                                APPLICATION FOR ORDER
10            v.                                 PERMITTING DISCOVERY FOR USE
                                                IN A FOREIGN PROCEEDING**
11

12            Defendant.                        Re: Dkt. No. 1

13          Before the Court is Mr. Jun Matsumoto's ("Applicant") *ex parte* application for an order

14   pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding

15   ("Application").  Application, ECF No. 1.  Specifically, Applicant seeks documents from Google,

16   LLC ("Google") to identify the Google account users who had published allegedly defamatory

17   reviews about Applicant's business.  For the reasons stated below, the Application is **GRANTED**

18   **IN PART** and **DENIED IN PART**.

19   **I.      BACKGROUND**

20          Applicant has operated Ibaraki Motomachi Animal Hospital in Osaka, Japan since

21   November 2017.  Application 2.  In or around March 2023, a review was posted on the Google

22   Maps review page associated with Ibaraki Motomachi Animal Hospital by a Google account

23   named "PON."  The review stated: "The hospital Director's telephone number significantly lacks

24   common sense." *Id.*  In or around April 2023, a second review was posted on the Google Maps

25   review page associated with Ibaraki Motomachi Animal Hospital by a Google account named "N

26   T."  The review stated: "Not only did they not listen to what I had to say, it's horrible that they tell

27   Case No.: 5:23-mc-80230-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR
     ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

1

United States District Court
Northern District of California

1   you wrong knowledge without hesitation by interrupting. I am never going back. Perhaps because

2   they did not know that I'm a specialist as well, but you should have respect towards others no

3   matter who they are. Let's listen to what others have to say." *Id.* at 2–3.

4           Applicant intends to bring a lawsuit in Japan against the persons who control the Google

5   accounts that posted the two reviews alleging defamation and unlawful interference with business

6   under Japanese law. *Id.* at 3.  Applicant has hired an attorney in Japan and plans to bring the

7   lawsuit as soon as Applicant ascertains their identities. *Id.*

8           Specifically, Applicant requests a subpoena demanding that Google produce the following:

9
10           1. ALL DOCUMENTS sufficient to identify the user of the ACCOUNT 1 from the date Google Account was created to March 2023, including name, address (including postal code), e-mail

11   address (including email address used for recovery or other purposes), and telephone number.

12           2. ALL DOCUMENTS sufficient to show the access log for the ACCOUNT 1 in March 2023, Japan Standard Time, including dates,

13   times, IP addresses, and access type.
        3. ALL DOCUMENTS sufficient to identify the user of the

14   ACCOUNT 2 from the date Google Account was created to April 2023, including name, address (including postal code), e-mail

15   address (including email address used for recovery or other purposes), and telephone number.

16           4. ALL DOCUMENTS sufficient to show the access log for the ACCOUNT 2 in April 2023, Japan Standard Time, including dates,

17   times, IP addresses, and access type.

18

19   Proposed Order 6–7, ECF No. 1-4.

20   **II.    LEGAL STANDARD**

21           Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering

22   evidence for use in foreign proceedings.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro*

23   *Devices, Inc.*, 542 U.S. 241, 247 (2004).  The statute specifically authorizes a district court to

24   order a person residing or found within the district "to give his testimony or statement or to

25   produce a document or other thing for use in a proceeding in a foreign or international tribunal."

26   28 U.S.C. § 1782(a).  The statute may be invoked where: (1) the discovery is sought from a person

27

28

1   residing in the district of the court to which the application is made; (2) the discovery is for use in

2   a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

3   an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

4   (9th Cir. 2019).

5         In addition to the mandatory statutory requirements, the district court retains discretion in

6   determining whether to grant an application under § 1782(a) and may impose conditions it deems

7   desirable. *Intel Corp.*, 542 U.S. at 260–61.  In *Intel Corp.*, the Supreme Court created a non-

8   exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the

9   person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of

10   the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

11   foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3)

12   whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering

13   restrictions or other policies of a foreign country or the United States; and (4) whether the request

14   is unduly intrusive or burdensome. *Id.* at 264–66.

15   **III.   DISCUSSION**

16       **A.   Statutory Factors**

17         The Court finds that Applicant has satisfied the three statutory criteria of § 1782(a).

18         First, the Application satisfies the residence requirement because Google is headquartered

19   in and has its principal place of business in Mountain View, California. *See, e.g.*, *In re Todo*, 2022

20   WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where

21   the business is incorporated, is headquartered, or where it has a principal place of business.")

22   (collecting cases); *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D.

23   Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to

24   headquarters and principal location in Mountain View).  Therefore, Google resides or can be

25   found in this district for the purposes of § 1782.

26         Second, the Court finds that the discovery is sought for use in foreign proceedings.  If a §

27   Case No.: 5:23-mc-80230-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

3

1   1782(a) request is made when there is no currently pending proceeding, such a proceeding must be

2   "likely to occur" or is "within reasonable contemplation."  *Intel Corp.*, 542 U.S. 241 at 258–59.

3   Here, Applicant has hired counsel in Japan, who filed a declaration stating that Applicant intends

4   to bring a lawsuit in Japan against the persons who control the accounts that posted the reviews as

5   soon as they ascertain their identities.  Decl. Yasuhiro Watanbe ("Wantanbe Decl.") ¶¶ 1, 8, ECF

6   No. 1-1.

7   　　　Third, Applicant is plainly an "interested person" in the contemplated foreign proceedings,

8   as he would be the party bringing the defamation action.  *See Intel Corp.*, 542 U.S. at 256 ("No

9   doubt litigants are included among, and may be the most common example of, the interested

10   persons who may invoke § 1782") (internal quotation marks and brackets omitted).

11   　　　Based on the foregoing, the Court finds that the Application satisfies the statutory factors

12   to warrant an order pursuant to § 1782.

### B.   Discretionary *Intel* Factors

14   　　　At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of

15   granting Applicant's *ex parte* application in part.  However, the Court finds that the fourth factor

16   weighs against Applicant's specific request for documents pertaining to the users' access logs and

17   denies the Application as to that request.

### 1.   Participation of Target in the Foreign Proceeding

19   　　　Turning to the first factor, which addresses whether the discovery target is or will be a

20   participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the

21   authority to order an entity to produce the . . . evidence."  *In re Qualcomm Inc.*, 162 F. Supp. 3d

22   1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4

23   (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery

24   when the petitioner effectively seeks discovery from a participant in the foreign tribunal even

25   though it is seeking discovery from a related, but technically distinct entity.") (quotation marks

26   and citation omitted).  Here, Google would not be a party in the Japan proceedings, and therefore,

27   Case No.: 5:23-mc-80230-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

4

United States District Court
Northern District of California

1    that foreign tribunal would be unable to compel Google to produce discovery without the aid of §

2    1782.  Application 5.  "In these circumstances, the need for assistance pursuant to § 1782(a) is

3    greater than it would be in circumstances where the foreign tribunal may order parties appearing

4    before it or third parties within its jurisdiction to produce evidence."  *In re Med. Corp. Takeuchi*

5    *Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264).

6    Accordingly, the first *Intel* factor weighs in favor of granting Applicant's request.

7                    **2.      Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

8            The second *Intel* factor also favors granting the Application.  "Courts conducting this

9    analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is

10   likely to receive the evidence."  *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040.  "In the absence of

11   authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section

12   1782, courts tend to err on the side of permitting discovery."  *In re Varian*, 2016 WL 1161568, at

13   *4 (internal quotation marks omitted).  Here, the Court is unaware of any evidence that foreign

14   courts in Japan would reject evidence obtained via § 1782, and Applicant cites to case law

15   showing that Japanese courts have been receptive to the discovery assistance made by the U.S.

16   courts.  Application 6.  Accordingly, given that there is no authoritative proof that a Japanese court

17   would reject evidence obtained under § 1782, the second *Intel* factor weighs in favor of granting

18   the Application.

19                   **3.      Circumvention of Proof-Gathering Restrictions**

20           The third factor—whether an applicant seeks "to circumvent foreign proof-gathering

21   restrictions or other policies of a foreign country or the United States"—also favors granting the

22   Application.  *Intel Corp.*, 542 U.S. at 265.

23           "Courts have found that this factor weighs in favor of discovery where there is nothing to

24   suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions."  *Med.*

25   *Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations

26   omitted).  Here, Applicant's counsel has represented that he is "not aware of any restrictions on

27   Case No.: 5:23-mc-80230-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR
     ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

*United States District Court*
*Northern District of California*

1    proof-gathering procedures under Japanese law that would limit the gathering of the evidence

2    Applicant seeks." Application 6. The Court does not find that there is any reason to doubt

3    Applicant's counsel's representations. Accordingly, there is nothing to indicate that the third *Intel*

4    factor should weigh against granting the Application.

**4.      Unduly Intrusive or Burdensome**

6          The fourth factor the Court must consider is whether the discovery sought is "unduly

7    intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or

8    burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re*

9    *Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

10         Applicant's proposed subpoena seeks all documents sufficient to show the identity of the

11   users of the two accounts, including the names and phone numbers registered to the account and

12   IP addresses used to access the account. Proposed Order 6–7.

13         The Court finds this request to be narrowly tailored to only seek documents "sufficient to

14   show" the identifying information associated with the Google accounts in question, as opposed to

15   a request seeking "all documents" relating to the account. *See, e.g., In re Plan. & Dev. of Educ.,*

16   *Inc.*, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (modifying § 1782 subpoena from seeking

17   "all" identifiers to only seek information "sufficient to identify" the users). This limitation on the

18   subpoena's scope suggests that the requested discovery is not "unduly intrusive or burdensome."

19         However, Applicant's proposed subpoena also seeks all documents to show the access log

20   for the two accounts during the months the reviews were posted, including dates, times, IP

21   addresses, and access types. Proposed Order 7.

22         The Court finds that this request is unduly intrusive, as it does not serve the purpose of

23   ascertaining the identity of the users of the two accounts. Applicant argues that it requires the

24   access logs because "[i]t is highly unlikely that the perpetrators use their true name and address to

25   create their Google account. Accordingly, the Subject Account holders probably did not use their

26   true names and addresses. In that case, access logs are needed to identify the perpetrators."

27   Case No.: 5:23-mc-80230-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

United States District Court
Northern District of California

1   Application 7.  However, Applicant's argument assumes facts that the Court cannot accept at this

2   time—apart from Applicant's assumptions, there are no facts to suggest that the accounts are

3   registered under fake names and address.  Rather, unnecessarily producing detailed documents

4   revealing the users' action log for an entire month would likely produce personal information

5   entirely unrelated to this action.  Given that Applicant has provided no concrete reason as to why

6   this information is necessary for its action at this time, Applicant has not shown how this request

7   is narrowly tailored to the subject matter of their action.

8          Therefore, the Court finds that the fourth *Intel* factor favors granting Applicant's request

9   for all documents sufficient to show the identity of the users of the two accounts, including the

10  names and phone numbers registered to the account and IP addresses used to access the account.

11         However, the Court will exercise its discretion and **DENY** Applicant's request for all

12  documents showing the access log for the two accounts during the months the reviews were

13  posted, including dates, times, IP addresses.

\* \* \*

15         Accordingly, the Court will exercise its discretion in granting the Application in part with

16  certain limitations and requirements and without prejudice to any subsequent motion to quash or

17  modify the subpoena.

18  **IV.    CONCLUSION AND ORDER**

19         Based on the foregoing, the Court finds that Applicant's § 1782 Application satisfies the

20  statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor

21  granting the Application as to the documents necessary to ascertain the users' identity, but not as

22  to the documents detailing the users' access log.

23         Accordingly, the § 1782 Application is **GRANTED IN PART** and **DENIED IN PART**.

24  Applicant may serve the attached amended subpoena on Google, with the following requirements:

25     1.  Applicant SHALL serve a copy of this Order on Google with the proposed subpoenas;

26     2.  No later than 10 days after service of the subpoenas, Google SHALL NOTIFY all account

27

Case No.: 5:23-mc-80230-EJD
28  ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING
7

*(left margin)* United States District Court
Northern District of California

1    users whose personal identifying information is affected by the subpoenas that their

2    identifying information is being sought by Applicant and PROVIDE a copy of this Order

3    to each account user;

4    3.   Google SHALL use all means of communications associated with the Google accounts to

5    contact and notify the affected individuals of the subpoenas;

6    4.   Google and each account user whose information is sought may file—no later than 30 days

7    after service or notice—a motion to quash or modify the subpoenas before this Court;

8    5.   Any account user seeking to quash or modify the subpoenas may appear and proceed

9    before this Court under a pseudonym;

10   6.   If any party disputes the subpoenas, Google SHALL PRESERVE BUT NOT DISCLOSE

11   the information sought by the subpoena pending resolution of that dispute;

12   7.   This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to

13   quash or modify the subpoena from Google or any account users.

14   **IT IS SO ORDERED.**

15   Dated: October 19, 2023

16

17   _____

18   EDWARD J. DAVILA
     United States District Judge

United States District Court
Northern District of California